**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DARRAN LOHSE,

        Defendant.

No. CR 13-4053-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING DEFENDANT'S
POST-TRIAL MOTIONS**

_____

**TABLE OF CONTENTS**

I.    **INTRODUCTION**................................................................2
    A.    *Factual Background* ................................................ 3
    B.    *Procedural Background* ........................................... 4

II.   **ANALYSIS** .............................................................. 5
    A.    *Motion for a Judgment of Acquittal* ........................... 5
        1.    *Standards* ................................................ 5
        2.    *Discussion* ............................................... 6
            a.    *Count I:  Producing child pornography* ...................... 6
            b.    *Counts II–VI:  Receiving and possessing child
                  pornography*........................................... 13
    B.    *Motion for a New Trial*........................................... 15
        1.    *Standards* ................................................ 15
        2.    *Discussion* ............................................... 16

III.  **CONCLUSION** ........................................................ 21

On November 6, 2013, a jury convicted Darran Lohse (Lohse) of producing, receiving, and possessing child pornography. During Lohse's trial, the government presented nine photographs, taken by Lohse, showing Lohse posing naked in a bed with his genitals on, or near, a sleeping, clothed, three-year-old girl's face. The jury found that all nine photographs constituted child pornography produced by Lohse. The jury also found that Lohse received and possessed numerous videos of child pornography on multiple hard drives and a compact disc found near Lohse's basement computer.

This case is now before me on Lohse's post-trial motions for a judgment of acquittal and a new trial. In his motions, Lohse argues that the nine photographs of him and the three-year-old girl are not "lascivious," and, therefore, he cannot be convicted of producing child pornography. Additionally, Lohse argues that there is insufficient evidence to convict him of "knowingly" receiving or possessing the child pornography videos found in his basement. Finally, Lohse argues that the nine photographs were not admissible, and that, without them, there is a "substantial likelihood" that the jury would not have convicted him of receiving and possessing the child pornography videos. Thus, if I do not grant a judgment of acquittal, Lohse alternatively requests a new trial on the "receiving" and "possessing" counts. For the reasons discussed below, Lohse's post-trial motions are denied.

## I. INTRODUCTION

In resolving Lohse's motion for a judgment of acquittal, I must "view the evidence in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that may be drawn from the evidence." *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir.), *cert. denied*, 522 U.S. 866 (1997). Thus, for the purposes of Lohse's motion for a judgment of acquittal, I present the following facts favorably to the government.

## A.   *Factual Background*

On Halloween 2011, Cassandra Steffens (Steffens) used a digital camera to take pictures of her three-year-old daughter, K.S., wearing her Tinker Bell costume.  Two days later, Steffens decided to upload the pictures to Facebook.   As she scrolled through the photographs on the camera's memory card, she stumbled upon other, more troubling pictures of her boyfriend, Lohse, with whom she lived, naked and posing on a bed where K.S. was sleeping.  The photographs, which appeared to have been taken by Lohse on two different nights, showed Lohse placing his exposed genitals on, or near, K.S.'s face.   K.S. was clothed and sleeping in all of the pictures.   Nine of these photographs would later be used to prosecute Lohse.   Those nine photographs specifically depict the following:

- Lohse naked and in a nearly horizontal position with his penis on, or very close to, K.S.'s hair;

- Lohse naked and standing at the head of the bed with the tip of his penis on, or very close to, K.S.'s right eye;

- An overhead view of the same pose described above;

- Lohse naked and kneeling over K.S. with his penis and testicles resting in her hair;

- A similar picture to that described above, with Lohse's penis near K.S.'s mouth and Lohse holding K.S.'s hair with his left hand;

- Lohse naked and standing next to the bed with his penis on, or near, K.S.'s forehead;

- Lohse naked and kneeling on the bed with his penis close to K.S.'s face;

- Lohse naked and standing or crouching over K.S.'s head such that his penis rests on her forehead; and

- Lohse naked and standing over the bed with his penis directly above, and possibly touching, K.S.'s forehead;

Upon finding these photographs, Steffens left Lohse's house, contacted the police, and turned the photographs over to the responding officers. After seeing the photographs, the police arrested Lohse, obtained a search warrant, returned to the house, and seized a number of items, including hard drives and compact discs from Lohse's basement. After examining these items, police found multiple videos of child pornography on a number of hard drives and a compact disc. Police also analyzed the videos' metadata and determined that at least four of the videos stored on one of the hard drives had been downloaded using the internet.

I will discuss additional facts as they become relevant to the analysis below.

### B.    Procedural Background

On October 24, 2013, the government filed a superseding indictment, charging Lohse with six counts:

- Count I:  Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), for allegedly producing nine photographs of child pornography;

- Count II:    Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), for allegedly downloading videos of child pornography; and

- Counts III, IV, V, and VI:  Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), for allegedly possessing videos of child pornography on three different hard drives/servers and a compact disc.

(Docket no. 40).  Lohse pleaded not guilty to all six counts.  Prior to trial, Lohse filed a motion to dismiss Count I, arguing that the nine photographs at issue did not constitute child pornography as a matter of law (docket no. 24), which I denied (docket no. 39).  This case proceeded to trial on November 5 and 6, 2013.  At the close of the

government's evidence, Lohse moved for a judgment of acquittal on all counts. I deferred ruling on Lohse's motion until after receiving a verdict. On November 6, 2013, a jury convicted Lohse of all six counts (docket no. 72). On November 15, 2013, Lohse filed post-trial motions renewing his motion for a judgment of acquittal and moving for a new trial on Counts II though VI (docket no. 77). I must now decide whether to grant Lohse's post-trial motions.

## II.   ANALYSIS

### A.   *Motion for a Judgment of Acquittal*

#### 1.   *Standards*

Federal Rule of Criminal Procedure 29 governs Lohse's motion for a judgment of acquittal. Rule 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." When the defendant moves for a judgment of acquittal after the government rests,

> [t]he court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

Fed. R. Crim. P. 29(b). If the jury returns a guilty verdict, the defendant may renew a motion for a judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "If the court reserve[d] decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). Here, Lohse made his Rule 29

motion when the government rested and he presented no additional evidence. Thus, I may consider the entire trial record in deciding whether to grant Lohse's motion.

A judgment of acquittal is only appropriate if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The standard for determining the sufficiency of the evidence is strict, and a guilty verdict should not be lightly overturned." *United States v. Jiminez-Perez*, 238 F.3d 970, 972-73 (8th Cir. 2001) (citing *United States v. Ryan*, 227 F.3d 1058, 1063 (8th Cir. 2000)). "Sufficient evidence exists to support a verdict if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 972 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Thus, I may grant a judgment of acquittal "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Tate*, 633 F.3d 624, 628 (8th Cir. 2011) (quoting *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006)) (internal marks omitted). As I noted above, I must "view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." *Id.* (quoting *United States v. Milk*, 447 F.3d 593, 598 (8th Cir. 2006)).

### 2. Discussion

#### a. Count I: Producing child pornography

In his motion for a judgment of acquittal, Lohse argues that, while admittedly "disturbing," the nine photographs of Lohse and K.S. are not child pornography. Lohse was convicted of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Section 2251(a) provides, in part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under

> subsection (e) . . . if that visual depiction was produced or
> transmitted using materials that have been mailed, shipped,
> or transported in or affecting interstate or foreign commerce
> by any means . . . .

As it is used in § 2251(a), "'sexually explicit conduct' means actual or simulated—(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person . . . ." 18 U.S.C. § 2256(2)(A). The government relies on the last definition, claiming that Lohse used a minor in producing nine photographs of "lascivious exhibition of the genitals or pubic area of any person." Lohse argues that the photographs are not "lascivious" as a matter of law.

While "the meaning of 'lascivious exhibition of the genitals' is an issue of law" for the court, "the question whether materials depict 'lascivious exhibition of the genitals,' an element of the crime, is for the finder of fact." *United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001) (citations omitted). A jury acted as the finder of fact at Lohse's trial, and I instructed the jurors that they could consider eight factors in determining whether the photographs that Lohse produced depicted a "lascivious exhibition of the genitals." Those factors included:

> (1) whether the focal point of the picture is on the minor's
> genitals or pubic area;
>
> (2) whether the setting of the picture is sexually suggestive,
> that is, in a place or pose generally associated with sexual
> activity;
>
> (3) whether the minor is depicted in an unnatural pose or in
> inappropriate attire, considering the age of the minor;
>
> (4) whether the minor is fully or partially clothed, or nude;

(5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity;

(6) whether the picture is intended or designed to elicit a sexual response in the viewer;

(7) whether the picture portrays the minor as a sexual object; and

(8) the caption(s) on the picture(s) [1]

(Docket no. 68, at 11-12); *see also* Eighth Circuit Model Criminal Jury Instruction 6.18.2252A (2013) (listing the same factors). The first six factors derive from *United States v. Dost,* 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom.*, *United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *and aff'd*, 813 F.2d 1231 (9th Cir. 1987). *See United States v. Ward*, 686 F.3d 879, 882 (8th Cir. 2012) (noting that the six *Dost* factors "have been incorporated into Eighth Circuit Model Criminal Jury Instruction[s]"). The seventh and eighth factors derive from *United States v. Arvin*, 900 F.2d 1385, 1390 n.4 (9th Cir. 1990).

In evaluating the evidence, the jury may choose the weight that should be applied to each of the factors. Eighth Circuit Model Criminal Jury Instruction 6.18.2252A. The factors "are neither definitive nor exhaustive." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999). A picture need not meet all of the factors for a jury to conclude that it depicts a "lascivious exhibition." *See United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009) ("[A]ll six *[Dost]* factors need not be present in order to bring the depiction under the proscription of the statute." (further citations omitted)). And the fact that some of the factors may not apply to the nine photographs at issue here "[does] not prevent the images from being lascivious." *United States v. Johnson*,

---

[1] I used bullet points, rather than numbers, to list the "lascivious exhibition" factors in the jury instructions. I will use numbers in this opinion for ease of reference.

639 F.3d 433, 440 (8th Cir. 2011) (citing *Horn*, 187 F.3d at 790). Ultimately, "only one photograph need meet the definition of 'lascivious exhibition of the genitals or pubic area' to support the jury's verdict . . . ." *Wallenfang*, 568 F.3d at 658.

Here, a reasonable jury could have found that the nine photographs at issue met at least three of the factors listed above—specifically, factors (2), (6), and (7). First, a reasonable jury could have concluded that "the setting of the picture[s] is sexually suggestive, that is, in a place or pose generally associated with sexual activity." In all nine photographs, Lohse is naked and on a bed with a sleeping three-year-old girl. While the presence of a bed alone may be insufficient to find that the photographs are "lascivious," "[b]eds and mattresses are often associated with sexual activity" and "the setting of a bed, by itself, is some evidence of lasciviousness . . . ." *United States v. Villard*, 885 F.2d 117, 124 (3d Cir. 1989); *see also United States v. Daniels*, 653 F.3d 399, 407-08 (6th Cir. 2011) (finding that, for a particular child pornography photograph, a bed was a sexually suggestive setting); *United States v. Crosby*, 106 F. Supp. 2d 53, 58 (D. Me. 2000), *aff'd*, 24 F. App'x 7 (1st Cir. 2001) (noting that a photograph of naked boys lying on a bed satisfied the "sexually suggestive setting" factor).

Second, a reasonable jury could have concluded that "the picture[s] [were] intended or designed to elicit a sexual response in the viewer." The nine photographs demonstrate that, on two occasions, Lohse stripped naked, got on top of a bed where a three-year-old girl was sleeping, and took pictures of himself placing his exposed genitals on or near the girl's face. While a jury would not be *required* to find that these photographs were intended or designed to elicit a sexual response in the viewer, such a finding would not be unreasonable. A reasonable jury might ask: If these photographs are not designed to elicit a sexual response in the viewer, what *are* they designed for? Based on the bizarre and (by Lohse's own admission) "disturbing" nature of the

images, a jury could rule out the possibility that the images were "innocent family photos, clinical depictions, or works of art." *Johnson*, 639 F.3d at 439.

In attempting to refute the potential sexual intent of the photographs, Lohse argues that his penis was flaccid in the pictures and that the pictures do not appear to illicit a sexual response for the viewer. These arguments wrongly attempt to determine the sexual nature of the photographs from Lohse's or the average viewer's perspective. "[T]he relevant factual inquiry in this case is not whether the pictures in issue appealed, or were intended to appeal, to [the defendant's] sexual interests but whether, on their face, they appear to be of a sexual character." *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002). Whether the photographs appealed to Lohse's sexual interests is not dispositive; the question is whether the photographs are designed to elicit a sexual response in the *viewer*. The "viewer" does not mean the "average viewer" who is, no doubt, uninterested in these photographs, but rather "the pedophile viewer" who may be. *See Dost*, 636 F. Supp. at 832 ("The combined effect of the [photograph] is designed to elicit a sexual response in the viewer, albeit perhaps not the 'average viewer', but perhaps in the pedophile viewer."). Moreover, while Lohse may not have been aroused while posing in the photographs, a reasonable jury could infer that Lohse intended to become aroused by viewing the photographs later. Thus, the fact that Lohse was not aroused, or the fact that the average viewer may not find the photographs sexually appealing, does not prevent a jury from concluding that the photographs were intended or designed to elicit a sexual response in the viewer.

Lohse also notes that the photographs were not shared with others. But the sixth *Dost* factor does not depend on whether the photographs *actually* reached a viewer, nor does it depend on whether the photographs *actually* elicited a sexual response in anyone. Rather, the factor asks whether the photographs were "*intended* or *designed*"

to elicit a sexual response. Here, a reasonable jury could conclude that the nine photographs exhibited that very intent or design.

Finally, a reasonable jury could have concluded that "the picture[s] portray[ed] [a] minor as a sexual object." For instance, the jury could have concluded that Lohse used K.S. as a mere thing, or tool, or prop against which to display his genitals: an object to give context to his sexual display. The fact that K.S. is sleeping arguably strengthens this factor. Because she is presumably (and *fortunately*) unaware of what is going on, a jury might find that her role in the nine photographs was that of an inanimate body for Lohse to act upon in exhibiting his genitals. In short, a reasonable jury could conclude that Lohse quite literally used K.S. as a sexual object in orchestrating the nine photographs.

Still, Lohse argues that the photographs were not "lascivious" as a matter of law for a number of reasons:

> At all times [in the photographs]: 1) the child was asleep; 2) the child was fully clothed and covered in blankets; 3) the focus was either on the flaccid penis and/or the child's face; 4) there was no sem[i]nal fluids on the child or in the photographs nor was the Defendant masturbating in the photographs; 5) the image does not appear to illicit a sexual response for the viewer; 6) the setting does not appear to be sexually suggestive; 7) the child is wearing appropriate attire and the pose is natural; 8) the child is unaware of the activities and is not engaged in sexual behavior; 9) the images remained on a memory card and were not "shared" with others; 10) the images do not constitute a lascivious exhibit of the child or the Defendant; 11) no sex toys were used by Defendant in these pictures.

(Docket no. 24-1, at 2). To be clear, Lohse was free to argue these points to the jury. But, none of them requires a finding that the nine photographs at issue were not

"lascivious" as a matter of law. I addressed a number of these points already in the discussion above, and I will address the remaining points below.

Though relevant, the fact that K.S. was asleep, appropriately clothed, naturally posed, and unaware of Lohse does not prevent the photographs from being "lascivious" for a number of reasons. First, Lohse's photographs simply had to show the "lascivious exhibition of the genitals or pubic area of *any person*" to be considered "sexually explicit conduct" within 18 U.S.C. § 2251(a)'s ambit. *See* 18 U.S.C. § 2256(2)(A)(v) (defining "sexually explicit conduct") (emphasis added). Here, Lohse exhibited his genitals in all nine photographs. There is no requirement that the photographs exhibit K.S.'s genitals, too. Second, the fourth *Dost* factor allows the jury to consider "whether the child is fully or partially clothed, or nude." 636 F. Supp. at 832. The fact that this is but one of many factors suggests that the degree to which a child is clothed is not dispositive of whether a photograph depicting that child constitutes a "lascivious exhibition." Finally, even photographs of children acting *innocently—e.g.*, children clothed and sleeping—can become "lascivious" based on the conduct of the person producing the photographs. *See Johnson*, 639 F.3d at 440 ("[E]ven images of children acting innocently can be considered lascivious if they are intended to be sexual."); *Horn*, 187 F.3d at 790 ("The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video."); *cf. United States v. Knox*, 32 F.3d 733, 754 (3d Cir. 1994) (holding "that [a child's] nudity is not a prerequisite for a lascivious exhibition"); *United States v. Hill*, 322 F. Supp. 2d 1081, 1086 (C.D. Cal. 2004), *aff'd*, 459 F.3d 966 (9th Cir. 2006) (noting, in dicta, that "an image of a fully-clothed minor engaged in sexual conduct could be lascivious"). Here, a reasonable jury could conclude that Lohse used

a child in producing photos that were made lascivious by Lohse's conduct, rather than the child's.[2]

Lohse also argues that there were no seminal fluids, sex toys, or depictions of masturbation in his nine photographs. There is simply no legal basis—and Lohse cites none—to conclude that any of these facts prevents Lohse's photographs from being considered "lascivious."

In sum, because a jury could reasonably find that the photographs at issue here satisfy at least three of the eight lasciviousness factors, I find that a reasonable jury could have found that the photographs depict the "lascivious exhibition of the genitals or pubic area of any person." While Lohse raises countervailing arguments, none is so strong as to warrant a judgment of acquittal. Lohse's motion for a judgment of acquittal on Count I is therefore denied.[3]

### b.    Counts II–VI:  Receiving and possessing child pornography

Lohse also moves for a judgment of acquittal on Counts II through VI, arguing that there is insufficient evidence that Lohse *knowingly* received or possessed child pornography. Lohse was convicted of receiving child pornography under 18 U.S.C. § 2252(a)(2), which provides, in part:

---

[2] Though I think that the law clearly does not require a child to be nude or awake in a photograph for that photograph to be considered "lascivious," I note that neither party cited, nor did my research disclose, a factually similar case involving a naked adult posing with a clothed, sleeping child.

[3] In his oral motion for a judgment of acquittal, Lohse raised another, independent argument supporting his motion as to Count I. Lohse argues that it is impossible to know the dates on which the nine photographs were taken and, thus, it is impossible to know whether the photographs were taken between March of 2010 and November of 2011, the timeframe alleged by the government. Lohse forgets that, at trial, the parties stipulated that "[t]he images in [the nine photographs] were taken at some time between March 1, 2010, and November 2, 2011" (docket no. 73-9). Thus, Lohse's argument regarding the photographs' dates is unavailing.

> Any person who . . . knowingly receives . . . any visual
> depiction using any means or facility of interstate or foreign
> commerce . . . if . . . (A) the producing of such visual
> depiction involves the use of a minor engaging in sexually
> explicit conduct; and (B) such visual depiction is of such
> conduct . . . shall be punished as provided in subsection (b)
> of this section.

Lohse was also convicted of possessing child pornography under 18 U.S.C. §
2252A(a)(5)(B), which provides, in part:

> Any person who . . . knowingly possesses . . . any book,
> magazine, periodical, film, videotape, computer disk, or any
> other material that contains an image of child pornography .
> . . that was produced using materials that have been mailed,
> or shipped or transported in or affecting interstate or foreign
> commerce by any means, including by computer . . . shall
> be punished as provided in subsection (b).

Lohse attacks his convictions under both statutes for the same reason; he argues
that the government offered insufficient evidence that he *knowingly* received or
possessed the child pornography found in his basement. In particular, Lohse argues
that there is no evidence that he was aware that the child pornography had been
downloaded or stored on the hard drives and compact disk. Lohse also claims that
there were two other people living in his house from 2010 to the present—Steffens and
Lohse's son—and that either of them could have been responsible for receiving and
possessing the child pornography found in Lohse's basement.

Viewing the evidence favorably to the government, a reasonable jury could
conclude that Lohse knowingly received and possessed child pornography. The police
found the child pornography on hard drives and a compact disc in Lohse's house and in
Lohse's basement where, according to Steffens, Lohse kept some of the computers that
he normally used. The hard drives and compact disc were found at a desk next to a
desktop computer that listed "Darran," Lohse's first name, as its registered user.

Moreover, the jury could reasonably conclude that the child pornography was not Steffen's or Lohse's sons. Steffens immediately left Lohse's house and contacted the police upon finding the lewd photos of Lohse and K.S., from which the jury could infer that Steffens was opposed to, or would not be interested in, downloading or possessing child pornography. The record contains almost no evidence about Lohse's son, except that he was living with Lohse in February and March of 2010, was 16 or 17 years old at that time, and was allowed to use the computers in the house. By contrast, the record shows that Lohse took nine arguably "lascivious" photographs with a three-year-old girl, from which the jury could infer that Lohse was interested in child pornography.[4]

Taken together, these facts, combined with all reasonable inferences favoring the government, adequately support the jury's verdict. Lohse's motion for a judgment of acquittal on Counts II through VI is therefore denied.

## B.     Motion for a New Trial

### 1.     Standards

Federal Rule of Criminal Procedure 33 governs Lohse's motion for a new trial. Rule 33(a) provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Here, Lohse argues that I should grant a new trial based on an allegedly erroneous evidentiary ruling. Specifically, he argues that I should have excluded from evidence the nine photographs discussed above. Had I done so, Lohse argues that the jury likely would not have convicted him of Counts II through VI.

---

[4] I will discuss this inference in greater detail in Part II.B.2 of this opinion.

A defendant is only entitled to a new trial based on an evidentiary ruling if (1) that ruling was erroneous and (2) the error prejudiced the defendant, meaning "the error had a substantial impact on the jury's verdict." *United States v. Hance*, 501 F.3d 900, 907 (8th Cir. 2007) (quoting *United States v. Ryder*, 414 F.3d 908, 916 (8th Cir. 2005)). "Even where . . . the district court has abused its discretion with respect to an evidentiary ruling, [the Eighth Circuit Court of Appeals] will not reverse the conviction if the error was harmless." *United States v. Lupino*, 301 F.3d 642, 645 (8th Cir. 2002).

### 2.   *Discussion*

Lohse's argument for a new trial relies entirely on his argument for a judgment of acquittal relating to Count I, discussed above.   According to Lohse, "the photographs offered into evidence for Count I were not admissible" and, had I excluded them, "there is a substantial likelihood that the remaining Counts (II-VI) would have resulted in a not guilty verdict" (docket no. 77, at 2).   Lohse argues that the nine photographs at issue in Count I had a "spillover effect" on Counts II though VI because, without the photographs, the jury "would not have been able to assume" that Lohse received and possessed the child pornography on the basement hard drives and compact disc (docket no. 77, at 1-2).

The "spillover effect" presumably refers to the government's argument explaining why the basement child pornography was Lohse's, rather than Steffen's or Lohse's son's.   In its closing argument, the government argued:

> And finally you can know that [Lohse] knew what he had was child pornography because it's something that he likes. He made his own child pornography. This is something that he has an attraction to. As hard as that is to understand, he does. Why else would you go in and do what he did to that little girl and take pictures of it and then not be satisfied and go do it again? It's because you like this material. And so

when he downloaded it, he knew what it was, and he wanted
it.

The government used this logic again in rebuttal:

> [Lohse is] the only person in that house that took pictures of
> himself squatting over a three year old girl and putting his
> genitals in her face. He's the one. There are three people
> there. He's the guy. So from that fact, you can infer that he
> is the one who had possession of these videos, that he is the
> one who liked this material.

In short, the government argued that the photographs showed that Lohse liked child
pornography, and, therefore, Lohse was uniquely likely to download and possess the
child pornography on his basement computer. Lohse argues that this inference
prejudiced him, entitling him to a new trial.

Lohse's argument for a new trial fails for the same reason his argument for a
judgment of acquittal fails: The nine photographs at issue in Count I were admissible.
Thus, there was no erroneous evidentiary ruling that could have prejudiced Lohse, and
therefore no reason to grant a new trial on Counts II through VI.

Also, though not raised by either party, Federal Rule of Evidence 414 permits
the government to use evidence that Lohse produced child pornography—*e.g.*, the nine
photographs—to show Lohse's propensity to receive and possess other child
pornography. Rule 414(a) provides: "In a criminal case in which a defendant is
accused of child molestation, the court may admit evidence that the defendant
committed any other child molestation. The evidence may be considered on any matter
to which it is relevant." As it is used in Rule 414, "'child molestation' [includes] a
crime under federal law . . . involving . . . any conduct prohibited by 18 U.S.C.
chapter 110 . . . ." Fed. R. Evid. 414(d)(2)(B). Each of Lohse's charges for
producing, receiving, and possessing child pornography are prohibited under 18 U.S.C.

chapter 110. Thus, the evidence that Lohse produced, received, or possessed child pornography can be used in ways permitted by Rule 414.

"Rule 414 . . . [is a] 'general rule[] of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions . . . [and] will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b).'" *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). Under Rule 414, other acts of "child molestation" are admissible as evidence of a defendant's propensity to act in conformity therewith.[5] *Horn*, 523 F.3d at 887; *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001); *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000); *LeCompte*, 131 F.3d at

---

[5] Many cases note that Rule 414 allows evidence of "prior" acts of child molestation. *See, e.g.*, *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) ("[I]n sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense may be considered for its bearing on any matter to which it is relevant, including the defendant's propensity to commit such offenses." (internal quotations marks omitted)). But Rule 414's text does not simply allow admission of *prior* acts of child molestation. Rather, Rule 414's text says that "the court may admit evidence that the defendant committed *any other* child molestation" without referring to *when* that child molestation occurred. Fed. R. Evid. 414(a). Evidence of prior and subsequent acts of child molestation equally demonstrates a defendant's propensities. Thus, it does not matter whether Lohse produced the nine photographs before or after he received or possessed the child pornography in his basement; Rule 414 covers both scenarios. *See United States v. Sioux*, 362 F.3d 1241, 1246 (9th Cir. 2004) (holding "that the existing exceptions to Rule 404(b)'s general bar against the admission of propensity evidence allow for the introduction of *both* prior *and* subsequent bad acts evidence"); *United States v. Beechum*, 582 F.2d 898, 903 n.1 (5th Cir. 1978) ("The principles governing extrinsic offense evidence are the same whether that offense occurs before or after the offense charged."); *cf. United States v. Olivo*, 80 F.3d 1466, 1469 (10th Cir. 1996) ("Regardless of whether 404(b) evidence is of a prior or subsequent act, its admissibility involves a case-specific inquiry that is within the district court's broad discretion.").

770. This propensity evidence is specifically admissible to demonstrate a defendant's "unusual disposition" of being sexually interested in children:

> Rule 414 recognizes that
>
>> a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of a defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense.

*United States v. Bentley*, 475 F. Supp. 2d 852, 856 (N.D. Iowa 2007), *aff'd*, 561 F.3d 803 (8th Cir. 2009) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole) (cited with approval in *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997)). Rule 414 evidence "may still be subject to exclusion under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006) (citing *LeCompte*, 131 F.3d at 769). But "Rule 403 must be applied in this context in a manner that permits Rule[] . . . 414 to have [its] intended effect, namely, to permit the jury to consider a defendant's prior bad acts in the area of sexual abuse or child molestation for the purpose of showing propensity." *Id.*

Given these standards, the jury was free to consider the nine photographs Lohse produced as evidence that Lohse was sexually interested in children and, therefore, had the propensity to seek out other child pornography materials. In other words, Rule 414 specifically allows for the "spillover effect" that the government relied on and that Lohse now argues against. Because the nine photographs were admissible as evidence

that Lohse produced child pornography as charged in Count I, and because the jury was free to consider those photographs in determining whether Lohse received and possessed the child pornography at issue in Counts II through VI, Lohse's motion for a new trial is denied.

I note, however, that the "spillover effect" that Lohse complains of was only permissible *because* a reasonable jury could find that the nine photographs constituted child pornography. The government makes a broader claim that, "even [if] the Court ruled that the depictions in [the nine photographs] did not constitute child pornography, they were admissible as evidence" that Lohse "was the most likely person to have downloaded and possessed" the child pornography at issue in Counts II through VI (docket no. 79-1, at 11). This is incorrect. In fact, the Eighth Circuit Court of Appeals rejected a similar argument in *United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006). In *Johnson*, police officers executed a search warrant on a defendant's home and seized hard drives containing images of child pornography. *Id.* at 885. The police also seized from the defendant's bedroom printed stories "detailing the abduction and forcible rape of a thirteen-year-old girl and the incestuous rape of a fifteen-year-old girl." *Id.* At trial, "the district court admitted . . . the stories [to] demonstrate [the] defendant's interest in and predisposition to possess child pornography." *Id.* at 886 (internal quotation marks omitted).

The Eighth Circuit Court of Appeals reversed and remanded the case for a new trial. *Id.* at 890. Because the stories themselves were not child pornography, the appeals court analyzed whether the stories were admissible under Rule 404(b), which "precludes propensity evidence." *Id.* at 887. The government argued that the stories were admissible because "a person who possesses written material of the sort involved [in the stories] is more likely to knowingly possess or receive child pornography of a similar ilk." *Id.* at 888. The Eighth Circuit Court of Appeals disagreed and held that

"[t]his . . . is virtually the definition of inadmissible propensity evidence." *Id.* (quoting *United States v. Heidebur*, 122 F.3d 577, 581 (8th Cir. 1997)).  Because the district court's decision to admit the stories likely significantly affected the jury's verdict, the appeals court held that a new trial was appropriate.  *Id.* at 889-90.

Under *Johnson*, the nine photographs at issue here would not have been admissible as propensity evidence had they not qualified as Rule 414 evidence.  If they constituted inadmissible Rule 404(b) evidence and also had a substantial impact on the jury's verdict, Lohse would be entitled to a new trial.  But, because the photographs were admissible as evidence that Lohse produced child pornography, Lohse's motion for a new trial is denied.

## III.    CONCLUSION

For the reasons discussed above, Lohse's post-trial motions for a judgment of acquittal and a new trial are denied.

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA