**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> DARRAN LOHSE, <br><br> Defendant. | No. CR-13-4053-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS COUNTS 3 THROUGH 6** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND...............................................2*
   *A.  Factual Background ..............................................................2*
   *B.  Procedural Background ..........................................................3*

*II. LEGAL ANSLYSIS.................................................................4*
   *A.  Multiplicity......................................................................4*
   *B.  Lesser Included Offenses .......................................................8*

*III. CONCLUSION ..................................................................... 12*

On November 6, 2013, following a two day jury trial, Darran Lohse was convicted of producing, receiving, and possessing child pornography. This case is now before me on Lohse's post-trial Motion To Dismiss Counts 3 through 6. Lohse contends that, based on a recent decision of the Eighth Circuit Court of Appeals, his convictions on the four

counts charging him with possession of child pornography violate the Double Jeopardy Clause of the Fifth Amendment and must be dismissed.

## I. INTRODUCTION AND BACKGROUND

### A. Factual Background

Based on the evidence presented at trial, a reasonable fact finder could have found the following facts beyond a reasonable doubt. On Halloween 2011, Cassandra Steffens took photographs of her three-year-old daughter, K.S., wearing her Tinker Bell costume using a digital camera. Two days later, Steffens decided to upload the pictures to Facebook. As she scrolled through the photographs on the camera's memory card, she stumbled upon photographs of her boyfriend, Lohse, with whom she lived, posing naked on a bed with a sleeping K.S.

Upon finding these photographs, Steffens left Lohse's house, contacted the police, and turned the photographs over to the responding officers. After seeing the photographs, the police arrested Lohse, obtained a search warrant, returned to the house, and seized a number of items, including hard drives and compact discs from Lohse's basement. After examining these items, police found multiple videos of child pornography on the following four devices: an IBM Deskstar hard drive, a RAID array consisting of 2 IBM hard drives and 2 Seagate hard drives, a Western Digital hard drive on a Gateway desktop computer, and a Maxwell compact disc. Police also analyzed the videos' metadata and determined that at least four of the videos stored on the IBM Deskstar hard drive had been downloaded using the internet.

I will discuss additional facts as they become relevant to the analysis below.

### *B.	Procedural Background*

On October 24, 2013, a superseding indictment was returned charging Lohse with six counts:

- Count 1: Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), for allegedly producing nine photographs of child pornography;

- Count 2: Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), for allegedly downloading videos of child pornography; and

- Counts 3, 4, 5, and 6: Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), for allegedly possessing videos of child pornography on three different hard drives/servers and a compact disc.

(Docket no. 40). Lohse pleaded not guilty to all six counts. Prior to trial, Lohse filed a motion to dismiss Count 1, arguing that the nine photographs at issue did not constitute child pornography as a matter of law, which I denied. This case proceeded to trial on November 5, 2013. On November 6, 2013, a jury convicted Lohse of all six counts. On November 15, 2013, Lohse filed post-trial motions renewing his motion for a judgment of acquittal and moving for a new trial on Counts 2 through 6. I denied Lohse's post-trial motions on January 21, 2014.

On June 16, 2014, Lohse filed a Motion To Dismiss Counts 3-6 (docket no. 92). In his motion, Lohse argues that Counts 3 through 6 are multiplicitous and, therefore, must be dismissed for violating the Double Jeopardy Clause of the Fifth Amendment.[1] He also argues Counts 3 through 6 violate the Double Jeopardy Clause because they are

---

[1]Federal Rule of Criminal Procedure 12(b)(3) specifies that "a motion alleging a defect in the indictment" must be made before trial. *See United States v. Hinkeldey*, 626 F.3d 1010, 1012 (8th Cir. 2010); *United States v. Shephard*, 4 F.3d 647, 650 (8th Cir. 1993). Lohse suggests that the Eighth Circuit Court of Appeals's recent decision in *United States v. Emly*, 747 F.3d 974 (8th Cir. 2014) constitutes "new 'law'" warranting the filing of his motion post-trial. Motion at 2. Lohse's potential waiver notwithstanding, I will address the merits of his double jeopardy claims.

3

lesser included offenses of the receiving charge in Count 2. Because Lohse's sentencing was scheduled for the following week, I set an accelerated briefing schedule on Lohse's motion. On June 19, 2014, the prosecution filed its response to Lohse's motion. The prosecution contends that Counts 3 through 6 are not multiplicitous of Count 2 and that portion of Lohse's motion should be denied. The prosecution also contends that Counts 5 and 6 are not lesser included offenses of Count 2 and are not subject to dismissal. However, the prosecution concedes that Counts 3 is a lesser included offense of Count 2 and should be dismissed.[2] Lohse filed a timely reply on June 23, 2014.

## II. LEGAL ANSLYSIS

### A. *Multiplicity*

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Lara*, 324 F.3d 635, 637 (8th Cir. 2003) (quoting the Fifth Amendment). The Double Jeopardy Clause "embodies two vitally important interests." *Yeager v. United States*, 557 U.S. 110, 117 (2009). "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (footnote omitted); *see United States v. Hill*, ___ F.3d___, 2014 WL 1797383, at *4 (8th Cir. May 7, 2014); *United States v. Curry*, 328 F.3d 970, 972 (8th Cir. 2003). What is more, the Double Jeopardy Clause "protects a defendant from 'both successive prosecutions and multiple punishments for the same criminal offense.'" *United States v. Kehoe*, 310 F.3d 579, 587 (8th Cir. 2002) (quoting

---

[2]The prosecution does not concede that Count 4 is a lesser included offense of Count 2, but nonetheless "agrees to defendant's motion to dismiss Count 4." Plaintiff's Br. at 8. The prosecution does so "in order to avoid unnecessary litigation on this issue." *Id*.

4

*United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir.1995), in turn citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *United States v. Bennett*, 561 F.3d 799, 802 (8th Cir.2009) (Double Jeopardy Clause "'protection applies both to successive punishments and to successive prosecutions for the same criminal offense.'") (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993).

Lohse argues that the four possession counts listed in the indictment are multiplicitous. Lohse relies on the recent decision of the Eighth Circuit Court of Appeals in *United States v. Emly*, 747 F.3d 974 (8th Cir. 2014). In *Emly*, the court explained:

> "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" *United States v. Hinkeldey*, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed.2d 187 (1977)). When an indictment includes more than one count charging the same statutory violation, "the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). A unit of prosecution is "the aspect of criminal activity that Congress intended to punish." *Id*. at 448. "When Congress fails to establish the unit of prosecution 'clearly and without ambiguity,' we resolve doubt as to congressional intent in favor of lenity for the defendant." *Id*. (quoting *Bell v. United States*, 349 U.S. 81, 84, 75 S. Ct. 620, 99 L. Ed. 905 (1955)).

*Emly*, 747 F.3d at 977.

Lohse's reliance on *Emly* is misplaced. Emly was convicted, *inter alia*, of three counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).[3] *Id.* at 975. The indictment charged Emly with "possessing copies of several different files on separate devices." *Emly*, 747 F.3d at 975-76. Emly contended that his multiple convictions for possession were multiplicitous because they charged the same crime, a single violation of § 2252(a)(4)(B). The Eighth Circuit Court of Appeals agreed. Lohse, on the other hand, was convicted of four counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).[4] Section 2252A(a)(5)(B) prohibits knowingly possessing "*any* book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography. . ." 18 U.S.C. § 2252A(a)(5)(B)

---

[3]Section 2252(a)(4)(B) makes it a crime to

> knowingly possess[ ] . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction . . . if—(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct[.]

18 U.S.C. § 2252(a)(4)(B).

[4]Section 2252A(a)(5)(B) makes it a crime to

> knowingly possess[ ] . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B).

6

(emphasis supplied). The use of the word "any" contrasts sharply with § 2252(a)(4)(B), which criminalizes possessing "*one or more*" matters containing any image. 18 U.S.C. § 2252(a)(4)(B) (emphasis supplied). The Eighth Circuit Court of Appeals has recognized this distinction between §§ 2252(a)(4)(B) and 2252A(a)(5)(B), pointing out that:

> Unlike the term "any" in § 2252A(a)(5)(B), the phrase "1 or more" in § 2252(a)(4)(B) arguably manifests a clear intention to include multiple materials in a single unit of prosecution. *See Polouizzi*, 564 F.3d at 155. The term "any" does not obviously suggest a single unit of prosecution, *see Kinsley*, 518 F.2d at 667–68, and even assuming it is ambiguous, there is a substantial argument that the court should reject a reading that would punish an offender in possession of thousands of illicit images in the same manner as an individual in possession of a single image. *See Planck*, 493 F.3d at 504.

*United States v. Hinkeldey*, 626 F.3d 1010, 1014 (8th Cir. 2010). In *Hinkeldey,* where the defendant was found to have possessed 1,500 images and videos of child pornography, the Eighth Circuit Court of Appeals held that the defendant could be prosecuted for six counts of possession of child pornography, under § 2252A(a)(2)(A), where the images were found on six separate drives, disks, and media. *Id*. at 1011–12. In *Emly*, the court of appeals recognized that:

> As our holding in *Hinkeldey* indicates, the government could have charged Emly with multiple counts of possession under § 2252A(a)(5)(B), but it chose not to do so. We will not read § 2252(a)(4)(B) in a manner that would justify the government's charging decision.

*Emly*, 747 F.3d at 980. Here, of course, the prosecution chose to charge multiple counts of possession under § 2252A(a)(5)(B).[5] The four possession counts are not multiplicitous.

---

[5] Lohse's reliance on the Second Circuit Court of Appeals's decision in *United States v. Polouizzi*, 564 F.3d 142 (2nd Cir. 2009) is also misplaced. *Polouizzi*, like *Emly*,

Each count of possession required the jury to determine that Lohse possessed a video containing child pornography on a separate device. *See* Verdict Form at 3-5. Therefore, this portion of Lohse's motion is denied.

### B. *Lesser Included Offenses*

Lohse's alternative argument is that his convictions for both receipt and possession of child pornography violate the Double Jeopardy Clause. The Double Jeopardy Clause prohibits imposing multiple punishments for the same criminal offense. *See United States v. Manning*, 738 F.3d 937, 946 (8th Cir. 2014); *United States v. Muhlenbruch*, 634 F.3d 987, 1002 (8th Cir. 2011). To prove a violation, Lohse "must demonstrate that he was convicted of 'two offenses that are in law and fact the same offense.'" *Manning*, 738 F.3d at 946 (quoting *Muhlenbruch*, 634 F.3d at 1002) (internal quotation marks omitted). The Eighth Circuit Court of Appeals has held that possession of child pornography is a lesser-included offense to receipt of child pornography. *See Hill*, ___ F.3d___, 2014 WL 1797383, at *4; *Manning*, 738 F.3d at 946; *Muhlenbruch*, 634 F.3d at 1003.[6] As such, the issue here is whether Lohse's convictions for possession and receipt "'were

---

is a decision in which the defendant was convicted of multiple counts of possessing child pornography under § 2252(a)(4)(B). *Id*. at 145.

[6]Similarly, the Third, Sixth, Ninth, Tenth, and Eleventh Circuits have held that "possession of child pornography in violation of § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography in violation of § 2252A(a)(2)." *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008); *accord United States v. Benoit*, 713 F.3d 1, 14 (10th Cir. 2013); U*nited States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011); *United States v. Bobb*, 577 F.3d 1366, 1373–75 (11th Cir. 2009); *United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008).

based on the same facts.'" *Manning*, 738 F.3d at 946 (quoting *United States v. Huether*, 673 F.3d 789, 798 (8th Cir. 2012)).

The jury's verdict on the receiving count was based on Lohse's receiving the videos identified in Plaintiff's Exhibit 28 as Nos. 15, 16, 17, and 22.[7] Verdict Form at 2. These were all videos found on the IBM Deskstar hard drive. The jury's verdict on Count 3 was based on Lohse's possessing videos identified in Plaintiff's Exhibit 28 as Nos. 4, 15, 16, 17, and 22. Verdict Form at 3. Thus, the record indicates that Lohse was convicted "of receiving the same images that he was also found to have possessed," *Huether*, 673 F.3d at 798, and a double jeopardy violation would occur if he was sentenced for both convictions.[8] Therefore, Lohse's motion is granted as to Count 3.

Lohse's convictions on Counts 4, 5, and 6, are on a different footing than his conviction on Count 3. A review of the record discloses that none of these convictions are based on the videos located on the IBM Deskstar hard drive which underlie Lohse's receiving conviction. The jury's verdict on Count 4 was based on Lohse's possessing the videos identified in Plaintiff's Exhibit 30 as Nos. 1, 2, and 3. Verdict Form at 4. These were videos found on the RAID array consisting of 2 IBM hard drives and 2 Seagate hard drives. These three videos are titled: "6yr Girl Best Vicky" (No. 1); "Babyj-9Yr Old Isabel Rca #1" (No. 2); and "Little Girls Mix" (No. 3).[9] No. 2 on

---

[7]These four videos are respectively titled: "Babyj-9Yr Old Isabel Rca #1" (No. 15); "Babyj-Inna Private 4 yo" (No. 16); "Babyj-Long 5 Yo" (No. 17); and "Valya.mpg" (No. 22). These videos were on Plaintiff's Exhibit 25, a DVD containing 28 videos of child pornography.

[8]As I noted above, the prosecution concedes that Count 3 is a lesser included offense of Count 2.

[9] These videos were on Plaintiff's Exhibit 26, a compact disc containing 3 videos of child pornography.

Plaintiff's Exhibit 30 is the same video as No. 16 on Plaintiff's Exhibit 28. However, that video was saved to a different device than the video on which the receiving count was based.

The jury's verdict on Count 5 was based on Lohse's possessing the videos identified in Plaintiff's Exhibit 31 as Nos. 1, 2, and 3.[10] Verdict Form at 4. These were videos found on the Western Digital hard drive on a Gateway desktop computer. These three videos are titled: "$R!JHML.mpg" (No. 1); "$RBGDDT5.mpg" (No. 2); and "$ROGAUH.mpg" (No. 3). The prosecution recognizes that these three videos are the same videos listed on Plaintiff's Exhibit 30 and are also among the videos listed on Plaintiff's Exhibit 28, but, again, were saved to a different computer hard drive. Plaintiff's Br. at 8.

The jury's verdict on Count 6 was based on Lohse's possessing the videos identified in Plaintiff's Exhibit 12 as Nos. 1, 4, and 6.[11] Verdict Form at 5. These three videos are respectively titled: "Hussyfan" (No.1); "Little Girls Mix" (No. 4) and "PTHC-Hussyfan-Kingpass" (No. 6). The prosecution recognizes that No. 4, the "Little Girls Mix" video, "is the same as videos listed in Exhibits 28, 30, and 31."[12] Plaintiff's Br. at 8. Again, however, that video was saved to a different device than the video on which the receiving count was based.

---

[10]These videos were on Plaintiff's Exhibit 27, a compact disc containing 3 videos of child pornography.

[11]These videos were on Plaintiff's Exhibit 11, the Maxwell compact disc containing 7 videos of child pornography.

[12]It is clear that the "Little Girls Mix" video is listed as No. 3 on Plaintiff's Exhibit 30 and No. 4 on Plaintiff's Exhibit 28.

In rejecting a defendant's argument that his convictions for both receiving and possession of child pornography could not be based "on the same images," the Ninth Circuit Court of Appeals recognized that:

> [T]he transfer and storage of previously-downloaded Internet images—to a memory card or diskette, for example—describes conduct separate from the act of downloading pornography and may thus provide sufficient independent basis for a possession conviction.

*United States v. Overton*, 573 F.3d 679, 698 (9th Cir. 2009); *see United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011) (remanding to district court to determine whether "after receipt, possession was undertaken by transfer to a different medium," such that separate punishment for possession and receipt would be permissible); *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) (noting "that there would have been no double jeopardy violation if the government had distinctly charged Schales with both receipt of material involving the sexual exploitation of minors for the images that he downloaded from the internet and with possession of material involving the sexual exploitation of minors for the images that he transferred to and stored on compact discs."). The Ninth Circuit Court of Appeals went on to hold that the Double Jeopardy Clause was not violated where defendant used his home and work computers to download images of minors engaged in sexually explicit conduct, and subsequently knowingly possessed the same images in different mediums, including at least one computer hard drive and one computer disk. *Overton*, 573 F.3d at 698.

Here, Counts 4, 5, and 6 were supported by separate conduct from Lohse's receipt of child pornography underlying Count 2. Specifically, while the jury determined that Lohse received the four videos of child pornography found on the IBM Deskstar hard drive, Counts 4, 5, and 6 were based on his possession of videos located on the RAID array, the Western Digital hard drive, and the Maxwell compact disc. Thus, Lohse's

convictions for possession and receipt were not based on the same facts and his convictions on these counts do not violate the Double Jeopardy Clause. *See Dudeck*, 657 F.3d at 431 (noting that convictions for both receipt and possession of child pornography "is permissible if separate conduct is found to underlie the two offenses."). Lohse's motion is denied as to Counts 4, 5, and 6.

### III. CONCLUSION

For the reasons discussed above, Lohse's Motion To Dismiss Counts 3-6 is granted in part and denied in part. It is granted as to Count 3, but denied as to Counts 4, 5, and 6.

**IT IS SO ORDERED**.

**DATED** this 30th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA